UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No: 4:09-CV-00048-F

| | |
|---|---|
| SAMUEL DAVIS THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) ORDER |
| vs. | ) |
| | ) |
| OCEAN TECHNOLOGY, INC. | ) |
| | ) |
| Defendant, | ) |

This matter is before the court upon Motion to Dismiss [DE-2] by Defendant Ocean Technology, Inc. ("Ocean") pursuant to Federal Rules of Civil Procedure 12(b)(6). An action will be dismissed for failing to state a claim if it appears that the plaintiff can prove no set of facts that would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). When reviewing a motion to dismiss, the court assumes the facts alleged in the complaint are true, *see McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 327 (4th Cir. 1996), and construes the allegations in the light most favorable to the pleader. *See Scheur v. Rhodes*, 416 U.S. 232, 236 (1974).

## I. PROCEDURAL AND FACTUAL BACKGROUND

This case arises out of a dispute over responsibility for repayment of a loan to plaintiff Samuel Davis Thomas's ("Thomas") the proceeds of which were allegedly advanced for the benefit of defendant corporation Ocean. Currently, the loan from First Citizens Bank in Beaufort, North Carolina, requires monthly installment payments of $1,207.03 and calls for a

final balloon payment in the amount of $80, 526.29 on June 1, 2009.

On June 1, 2001 Ocean secured the loan commitment from the Bank in the amount of $250,000.00. Compl.¶ 4. "In an attempt to obtain investors in the company" the loan was made to Thomas individually in 2004 with the understanding that Ocean would be solely responsible for repayment of monies already advanced. Compl.¶¶ 5-6. William D. Korenbaum, Ocean's President and principal stockholder, instructed Thomas to enter into a note modification agreement with First Citizens fixing the interest rate at eight percent (8%) per annum with the above noted payment schedule, which Thomas did on May 22, 2006. Compl. ¶ 8.

On October 10, 2008, Thomas resigned as an officer and director of Ocean. Compl. ¶ 10. Thomas maintains that as a condition of his withdrawal from the company, Ocean agreed to continue to be responsible for the debt. Compl.¶ 10. Plaintiff's Exhibit A is a letter memorializing the agreement, stating in part:

> This letter will confirm Ocean Technology, Inc.'s obligation to continue to reimburse you or pay directly to your lender the payments on your personal loan in the original amount of $100,000.00. Ocean Technology, Inc. will be obligated to make a balloon payment on June 1, 2009 . . . . Ocean Technology agrees to indemnify and hold Sam Thomas harmless in the event Ocean Technology fails to pay said loan in accordance to terms and obligations.

Despite this alleged agreement, however, on February 24, 2009, Thomas received an email from Ocean's attorney advising that Ocean would no longer pay the debt to First Citizens. Compl. ¶ 12. Thomas filed suit in the General court of Justice, Superior Division, in and for Carteret County, North Carolina, claiming breach of contract by Ocean and seeking the balance of $80, 526.29 owed on the loan plus any late fees and accumulated interest. On March 27, 2009, Ocean filed for removal [DE-1] to the United States District Court, Eastern District of

2

North Carolina, Eastern Division pursuant to 28 U.S.C. §1332 Diversity Jurisdiction. On March 31, 2009, Ocean filed the instant Motion to Dismiss [DE-2]. Thomas filed a response to Ocean's motion on April 20, 2009 [DE-4].

## II. ANALYSIS

Ocean claims the letter dated October 10, 2008, if valid, envisages solely an indemnification agreement, which becomes actionable only after the balloon payment comes due on June 1, 2009. Accordingly, Ocean argues this case should be dismissed as Thomas has brought suit prematurely. In response to Defendant's motion, Thomas asks the court to view the agreement as an ongoing contract, consisting of monthly payments up to and including the final balloon payment on June 1, 2009, which he argues is ripe for adjudication under a theory of anticipatory breach.

The court first addresses Thomas's theory of anticipatory breach. The North Carolina Supreme Court has accepted the doctrine of anticipatory breach whereby a promisee may be permitted to treat the entire contract as broken and "sue at once for damages" when a promisor, prior to the time of performance, has stated unequivocally his intent not to perform. *See Edwards v. Proctor*, 173 N.C. 41, 44 (1917); *See also Allen v. Weyerhaeuser, Inc.*, 95 N.C. App. 205, 209, 381 S.E.2d 824, 827 (1989). Here, Thomas asserts the February 24, 2009 email from Ocean's attorney, stating the Defendant no longer intends to pay the debt to First Citizens, amounts to unequivocal intent not to perform all contractual obligations, entitling Plaintiff to sue immediately for the total amount due on the note.

Thomas contends Ocean's stated intent not to perform equates to anticipatory breach; this case, however, falls squarely into one of the widely accepted exceptions to the doctrine. "[T]he

3

rule of law is settled that the doctrine of anticipatory breach has in general no application to unilateral contracts, and particularly to such contracts for the payment of money." *Smyth v. U.S.*, 302 U.S. 329, 356 (1937) (citing *Roehm v. Horst*, 178 U.S. 1, 17 (1900)); *Phelps v. Herro*, 137 A.2d 159, 164 (Md. 1957) (stating "pure and simple, where one party has fully performed his undertaking, and all that remains for the opposite party to do is to pay a certain sum of money at a certain time or times" the doctrine of anticipatory breach is not applicable); E. Allen Farnsworth, Contracts § 8.20 (4th ed. 2004) ("Repudiation of a duty does not operate as a breach if it occurs after the repudiating party has received all of the agreed exchange for that duty. The injured party must then await the time for performance to sue for damages."). Williston explains the rationale, stating "when the only requirement of the contract is the promisor's future performance... allowing the promisee immediate recovery is truly nothing but a direct bonus to the promisee beyond what was promised and a direct penalty to the promisor." 23 Richard A. Lord, Williston on Contracts § 63:60 (4th ed. 2009). Although the court is unaware of any North Carolina decision applying this exception, North Carolina's appellate courts consider the Restatement of Contracts persuasive. E.g., *Pappas v. Crist*, 223 N.C. 265, 268, 25 S.E.2d 850, 852 (1943) (citing Am. Law Institute Restatements, Contracts, section 318 in applying the doctrine of anticipatory breach to a bilateral lease agreement). The Restatement (Second) Contracts § 253 comment c notes "the established limits on the doctrine" in cases in which the repudiating party has received full performance. Accordingly, Thomas's option is to sue now in state court for the smaller sum of the monthly installments that are past due, but prior to June 1, 2009 it is premature for a claim for total breach of contract.

  Thomas's claim suffers a similar result if the agreement is construed solely as a notice of

indemnification as Ocean has argued. As Ocean noted in its memorandum to the court, "North Carolina follows the general rule that a cause of action on an obligation to indemnify normally accrues when the indemnitee suffers actual loss." *Premier Corp v. Econ Research Analysts, Inc.*, 578 F.2d 551, 554-55 (4th Cir. 1978). Therefore, even if Thomas's allegations are true, contractual indemnification for the balloon payment has not yet accrued.

In sum, at the present time Plaintiff's only actionable claim is for the March and April installment payments, totaling $2,414.06, plus any interest or late fees. Plaintiff's claim is before the court, pursuant to removal under 28 United States Code sections 1441, 1446 and 1332 diversity jurisdiction, which requires an amount in controversy greater than $75,000.00. Accordingly, this case must be dismissed for lack of subject matter jurisdiction.

### III. CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss is ALLOWED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED. This the 29th day of May, 2009.

*JAMES C. FOX*
Senior United States District Judge